IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY F. BLAIR, CHARLES C. MINCY, and DANNY YOUNG, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:04cv766-A ) ) (WO) |
| SANDERS LEAD COMPANY, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS and PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss (Doc. #22), filed by Sanders Lead Company, Inc. ("Sanders"). Although denominated a Motion to Dismiss, the Defendant has previously answered the Complaint and has now moved for dismissal pursuant to Rule 12(c), which governs motions for judgment on the pleadings. Accordingly, the court will treat the motion as a motion for judgment on the pleadings as to the Title VII claims.

The Plaintiffs filed their Complaint on August 11, 2004. In the Complaint, the Plaintiffs stated that they had filed Equal Employment Opportunity Commission ("EEOC") charges, were awaiting an administrative determination, and had requested right-to-sue letters. The Plaintiffs have not amended their Complaint to state that they have received right-to-sue letters. Those letters were, in fact, issued by the EEOC on June 30, 2004, before the filing of this suit.

For reasons to be discussed, the Motion is due to be DENIED.

**II. LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Mergens v. Dreyfoos, 166 F.3d 1114, 1116-17 (11th Cir.1999). The court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. Id. at 1117. A judgment on the pleadings is a decision on the merits. Ortega v. Christian, 85 F.3d 1521 (11th Cir. 1996).

### III. DISCUSSION

As a condition precedent to the right to file a civil action under Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge with the EEOC within 180 days of the unlawful employment practice. Vason v. City of Montgomery, 86 F. Supp. 2d 1130, 1132 (M.D. Ala. 2000), aff'd, 240 F.3d 905 (11th Cir. 2001). The receipt of a right-to-sue letter also is a condition precedent to asserting a civil action in federal district court. Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 -1568 (11th Cir. 1996). Because the receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but is a condition precedent, it is subject to equitable modification. Id. The receipt of a right-to-sue letter subsequent to the commencement of a Title VII case can satisfy the precondition. Id. at 1568.

In this case, the Defendant contends that because the Plaintiffs have failed to plead the performance or occurrence of the requisite conditions precedent, judgment should be granted as to their Title VII claims. The Plaintiffs respond that the Complaint was not filed prior to the date of the filing of the EEOC charges or the issuance of the right-to-sue notices. The Plaintiffs state that the right-to-sue letters were issued June 30, 2004, but were not received on that date. The

Plaintiffs do not state when the letters were received and offer no explanation as to why they did not seek to amend the Complaint to state that the letters had been received.

This case is in an unusual procedural posture. The Complaint alleged that charges were still pending at the EEOC and that Plaintiffs had requested right-to-sue letters (¶1), and that the Plaintiffs were awaiting an administrative determination by the EEOC (¶¶2, 3, and 4), but the Defendants filed an Answer without moving to dismiss the Title VII claims as premature. Not only that, but the Amended Answer (Doc. #11) denied the allegations contained in ¶¶ 1, 2, 3 and 4 of the Complaint. Defendants were later allowed to file a Second Amended Answer, which still included the denials of ¶¶ 1-4 of the Complaint but added, for the first time, an affirmative defense (Fifty-Fifth Defense) that the Plaintiffs' claims were "barred by Plaintiffs' failure to plead all conditions precedent to their claims for relief." This was filed after the deadline for Plaintiffs to move to amend the Complaint had passed. Shortly thereafter, the Defendant filed the motion now under consideration.

Rather than simply moving to amend the Complaint out of time, the Plaintiffs, in response to the motion, have asserted in brief that, in fact, the Complaint was not filed before the date of the filing of the EEOC charges or the issuance of the right-to-sue notices. They state that the right-to-sue letters were issued June 30, 2004, but were not received on that date. The Plaintiffs do not state when the letters were received and offer no explanation as to why they did not seek to amend the Complaint to state that the letters had been received. This was the first time that the Plaintiffs had represented in any court document that they received the right-to-sue letters, and, although they purported to have attached the letters to their response to the Defendant's motion, they did not, and no such letters are attached to the response in the court

file. There seems to be no dispute over this fact, however, as the Defendant has itself provided copies of the letters to the court.

So, what we have now is a motion for a judgment on the merits of the case, based on accepting as true averments of the Complaint which were denied in the Answer and which everyone now concedes are not true.

Rule 9(c), Fed.R.Civ.P., with which Plaintiffs' counsel should be familiar as a practitioner before this court, specifically calls for the pleading of the performance or occurrence of conditions precedent and requires that a denial of performance or occurrence be made specifically and with particularity. Here, we have the Complaint itself denying specifically and with particularity the performance or occurrence of conditions precedent to the asserted Title VII claims, even though the conditions precedent actually had occurred.

It is troubling to the court that Plaintiffs' counsel filed this suit with an affirmative averment that charges were still pending before the EEOC when, in fact, they were not and the Notices of Right to Sue (Issued on Request), dated June 30, 2004, show on their face that they were mailed to Plaintiffs' counsel and to the Plaintiffs on that date, over a month before suit was filed. It is further troubling that Plaintiffs' counsel apparently did not take the trouble to find and look at the letters and simply seek to amend the Complaint to correct this glaring error, even after the problem was pointed out to him at the scheduling conference held a month before the instant motion was filed. And, it is most troubling that Plaintiffs' counsel even now seems to have no understanding or appreciation of how his handling of this matter has caused unnecessary inconvenience to opposing counsel and the court, not to mention to himself. The court will expect a more conscientious attitude in the future.

Be that as it may, the court will not, in this instance, visit on the Plaintiffs the severe adverse consequences of entering judgment against them on the merits on their Title VII claims, based on lack of attention by their lawyer, when the facts themselves would not warrant it. The court also, however, will not allow the Title VII claims to go forward in their current form, which fail to allege the performance or occurrence of all conditions precedent to the filing of such a claim. Since the Plaintiffs have also alleged § 1981 claims, and substantial time for discovery remains, the court sees no prejudice to the Defendant by allowing, and requiring, an untimely filing of an Amended Complaint to include the proper allegations. Therefore, it is hereby ORDERED as follows:

    1. The Motion to Dismiss is DENIED.

    2. The Plaintiffs are given **until October 11, 2005**, to file an Amended Complaint, in form fully complying with the form required for amended pleadings by Local Rule 15.1, sufficiently alleging performance or occurrence of all conditions precedent to the filing of Plaintiffs' Title VII claims. Failure to do so will result in the prompt dismissal of Plaintiffs' Title VII claims.

    Done this 3rd day of October, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE